KRATT v. HOPKINS et al.

(Supreme Court, Appellate Division, First Department. December 5, 1902.)

1. STOCK BROKER—PURCHASE FOR CLIENT—AGENCY.

In an action against a stockbroker by a client to recover a balance claimed to be due, the client testified that he had signed a paper authorizing the broker to execute the orders of a third person on the client's account, not exceeding 200 shares, until further notice. He afterwards received a statement that the broker had bought 200 shares of railroad stock for his account by the third person's order. He answered, asking if the statement was correct. He then received telegrams announcing that the stock was sold, and that more money was needed, and replied instructing the broker to do the best he could for him, and sent another telegram canceling the third person's authority. He also testified that he had received notice from the third person that the latter was acting for him, and had accepted it. *Held*, that the broker was the authorized agent of the client in making the purchase and sale of the 200 shares.

2. SAME—SUIT FOR BALANCE IN AGENT'S HANDS—FACT OF PURCHASE AND SALE —BURDEN OF PROOF.

In an action against a stockbroker his client alleged that the broker held a balance in the client's favor; that afterwards the broker reported to the client an alleged purchase and sale of 200 shares of railroad stock, on which a loss occurred greater than the entire balance; but that "no authority was ever given by this plaintiff for the purchase or sale of the aforesaid shares, and plaintiff, upon notice of the purchase thereof, duly and at first opportunity repudiated the same." The answer admitted the allegations of the complaint except the last one. On the trial the parties assumed the fact of the purchase and sale. *Held*, that at the close of the client's evidence it was not incumbent on the broker to prove the fact of the purchase and sale, though the client, after a motion to dismiss his suit had been sustained, asked leave to go to the jury "upon the case already presented, and particularly upon the question of the agency," for the broker, of a third person, through whom the client dealt.

Appeal from trial term, New York county.

Action by George H. Kratt against Franklin W. Hopkins and another. From a judgment dismissing the complaint at close of plaintiff's case, plaintiff appeals. Affirmed.

The action was brought to recover a balance alleged to be due the plaintiff from the defendants, who are stockbrokers, after the sale by them of plaintiff's stocks. The complaint avers that by an account stated on April 30, 1901, the defendants held for plaintiff certain shares of stock, on which there was a balance in his favor of $6,735.93; that in the month of May all these stocks were sold, leaving in defendants' hands a surplus of $2,318.49, which has not been paid; that on or about May 13, 1901, the defendants reported to plaintiff an alleged purchase and sale of 200 shares of Chesapeake & Ohio Railroad stock, as the result whereof losses occurred greater than plaintiff's balance; that "no authority was ever given by this plaintiff for the purchase or sale of the aforesaid * * * 200 shares, * * * and plaintiff, upon notice of the purchase thereof, duly and at first opportunity repudiated the same." The answer admitted the account stated, and the other allegations, excepting that plaintiff gave no authority to buy and sell the 200 shares, and averred that such authority was given, and that plaintiff ratified the transaction. The plaintiff testified: That he was not speculating in stock with the defendants, and that they introduced him to a Mr. Pronick, who had a desk in their office, and that he signed, on February 13, 1901, the following paper: "Gentlemen: You are hereby authorized to execute Mr. Louis Pronick's orders to buy and sell stocks, not exceeding 200 shares, for my account, until further notice." That he was traveling most of the time, and on May 8, 1901, wrote the defendants, inclosing a statement received from them, and

dated May 3, 1901, saying: "We have this day bought for your account and risk, per order L. Pronick, 200 shares C. & O., price 52." In this letter he said: "Kindly let me know if the inclosed statement is O. K. Do you hold C. & O., or is this a mistake, and ought to be 'sold' for 'bought' "? Thereafter, he testified, he received telegrams that this stock was sold, and that other stocks were sold, and money was needed, and answered: "My reply is to do the best you can for me, and let me know what, if anything, is saved from the wreck." On the same day he sent telegram, "Cannot send check. Do best you can for me;" and another telegram, "Take no more orders from Pronick on my account." On his cross-examination he was asked: "But this 200 shares was purchased on or about before the 3d or 4th of May before the panic. You had received from Mr. Pronick notice that he was acting for you and you had accepted it?" and answered: "I did. I came back after the panic. * * * I asked them what they proposed to do about the 200 shares of Chesapeake & Ohio that I returned to them." The court denied the motion to go to the jury on the question of agency, and granted the motion to dismiss the complaint at the close of plaintiff's case, and from the judgment so entered the plaintiff appeals.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

Abel Crook, for appellant.

Edward A. Alexander, for respondents.

O'BRIEN, J. Upon the question of agency we think the court could not do otherwise than dismiss the complaint. The plaintiff's own evidence shows that he signed the paper giving authority to Mr. Pronick to make such a purchase and sale of 200 shares, and he admits that he received the statement of the purchase, and replied, asking more particularly regarding it, but not expressly disaffirming it; and thereafter, upon notice of sale, merely instructed the defendants to do the best they could for him. His own testimony thus shows clearly that he did give the necessary authority.

The more serious question presented upon this appeal is whether or not, at the close of the plaintiff's case, the burden rested upon the defendants of proving the purchase and sale of the 200 shares of Chesapeake & Ohio stock in dispute between the parties. This, we think, may be disposed of by a consideration of the issues as presented by the pleadings. It was, of course, competent for the plaintiff to have framed his complaint so as to recover as upon an account stated by setting forth merely the statement rendered him showing a balance in his favor, and this would have thrown upon the defendants the burden of pleading as an affirmative defense in their answer, and of proving upon the trial, that they had purchased and sold, by direction or by authority of the plaintiff, the 200 shares, the loss upon which wiped out the balance appearing in plaintiff's favor in the account stated. The plaintiff, however, did not think proper to adopt this form of complaint, but, after setting forth the account rendered by the defendant, showing such balance, proceeded, as we construe the complaint, by admitting, in effect, the purchase and sale of the 200 shares of stock, and then alleging that the same were purchased and sold without his authority, and that, when notified of the transaction of the purchase and sale, he repudiated it, placing his repudiation expressly on the ground that the purchase and sale were without

authority. The defendants, by their answer, proceeded to meet the issue thus tendered by expressly denying the allegations of the complaint that the transactions were without plaintiff's authority, and by affirmatively alleging "that the plaintiff, by and through his agent, did give them authority to purchase and sell the 200 shares of stock of the Chesapeake & Ohio Railroad Company mentioned in the third paragraph of the complaint." Upon the trial no contention arose upon the claim that the defendants had or had not bought and sold the 200 shares, it being assumed throughout that they had; the evidence of the plaintiff being directed to showing, as alleged in the complaint, that "no authority was ever given by this plaintiff to the defendants for such purchase or sale." In construing the pleadings, therefore, as to the issue tendered, we are confirmed in our view, first, that by the language employed it was not intended by the plaintiff to assert that the defendants had not bought and sold the 200 shares of stock, but merely that such transaction or transactions were without any authority from him. And we are further confirmed in this construction of the pleadings by the one which the parties themselves gave, as shown by their conduct at the trial, and the manner in which the testimony was adduced; the plaintiff being content to rest his case, after admitting the receipt of the notice of the purchase and sale of the disputed shares of stock, upon his denial that Pronick, through whom the sales were ordered, had authority from him. We do not think, therefore, that the learned judge committed any error in refusing to submit the question of whether the 200 shares of stock were actually purchased and sold, because no such question was raised by the pleadings, and in no way did the plaintiff intimate during the trial or upon his motion to go to the jury that there was any such question in the case. It appearing conclusively by plaintiff's own evidence that he had constituted Pronick his agent to give orders to purchase and sell stocks to the extent of the 200 shares, there was no other course open for the trial judge than to dismiss the complaint.

Upon such dismissal the plaintiff asked "leave to go to the jury upon the case as already presented, and particularly upon the question of agency of Pronick for defendant." It has been suggested upon this appeal that in this blind way plaintiff sought to raise the question as to the actual purchase and sale of stock by defendants, and that, because of the attitude thus assumed, he placed upon the defendants, before they were entitled to a dismissal, the necessity of proving that they had really purchased and sold the stock. To this we do not assent, having, as we think, shown that the plaintiff never intended, either by his complaint or upon the trial, to raise any such question. In effect, he conceded that the transaction of the purchase and sale had occurred, and he restricted and limited the issue to an assault upon the authority under which the defendants claimed to act. The suggestion, therefore, that it was error to dismiss the complaint until the defendants had shown that they had actually bought and sold the shares of stock in dispute, is clearly an afterthought; and the question, had it been raised upon the trial, or intimated to the court, could, without any injustice to the plaintiff, and without the necessity of a new trial, have been disposed of.

Thinking, as we do, that the motion to dismiss was properly granted, it follows that the judgment appealed from should be affirmed, with costs.   All concur.